CV 12 3982

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 0 9 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Dashandar R. Gooda*

_____

_____

NAME OF PLAINTIFF(S)

v.

_____

*Patrick R. Donahoe*
*Postmaster General*
*United States Postal Service*
*(New York Area)*
NAME OF DEFENDANT(S)

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: (Yes) No

*Jury Trial Demanded*

**SEYBERT, J**
**TOMLINSON, M**

This action is brought for discrimination in employment pursuant to (check only those that apply):

✓      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

_____      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

-1-

Jurisdiction is specifically conferred upon this United States District Court by the

aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate

under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991,

Pub. L. No. 102-166, and any related claims under New York law.

1.   Plaintiff resides at:

66 HENRY Street   Suite 20
Street Address

Nassau   NY   11550   (616) 585-1241
County   State   Zip Code   Telephone Number

2.   Defendant(s) resides at, or its business is located at:

Street Address

County   City   State   Zip Code

3.   The address at which I sought employment or was employed by the defendant(s) is:

200 Fulton Avenue
Street Address

Nassau   Hempstead   NY   11550
County   City   State   Zip Code

-2-

4.  The discriminatory conduct of which I complain in this action includes (check only those that apply).

_____  Failure to hire.

✓  Termination of my employment.

_____  Failure to promote.

_____  Failure to accommodate my disability.

_____  Unequal terms and conditions of my employment.

✓  Retaliation

_____  Other acts (specify): _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5.  It is my best recollection that the alleged discriminatory acts occurred on:
NOV 17th 2007 until June 9 2009
Date(s)

6.  I believe that the defendant(s) (check one)

✓  is still committing these acts against me.

_____  is not still committing these acts against me.

7.  Defendant(s) discriminated against me based on my:
(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

☑ race African American   ☑ color Black

☑ gender/sex Female   ☐ religion _____

☐ national origin _____

☐ age _____   My date of birth is: _____
Date

☐ disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

-3-

8.    The facts of my case are as follows: I was a Letter Carrier for eight years. Postmaster came on my route several times, and called me a black lazy bitch. Made false Allegations (adsy) (He was found guilty of this charge) against me so that I would lose my job. He told a coworker to lie and say that I threatened his life. Falsified documents so it would look like I was not doing my job so that I would lose my job. I filed several EEO complaints Requesting help because He was harrassing me everyday and calling me names about my Racial So He Retaliated By Terminating

(Attach additional sheets as necessary) My employment.

**Note:**    As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9.    It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: 11|19|07 + 8|26|09
Date

10.    It is my best recollection that I filed a charge with the Equal Employment Opportunity (1st) Commission regarding defendant's alleged discriminatory conduct on: 2|06 - 11|07| - 11|08|2|09
02/06 (2nd) 11/07  (3rd) 11/08 (4th) 02/09
Date

**Only litigants alleging age discrimination must answer Question #11.**

11.    Since filing my charge of age discrimination with the Equal Employment Opportunity

Commission regarding defendant's alleged discriminatory conduct (check one),

_____          60 days or more have elapsed.

_____          less than 60 days have elapsed.

12.    The Equal Employment Opportunity Commission (check one):

_____          has not issued a Right to Sue letter.

___✓___          has issued a Right to Sue letter, which I
              **received** on _5/30/2012_____
                                          Date

**NOTE:**        Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity
             Commission to this complaint.

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
including injunctive orders, damages, costs, and attorney's fees.

_Casandra R. Hoode_____
PLAINTIFF'S SIGNATURE

Dated: _7/25/2012_____

_166 Henry Street #20_
Address _Hempstead NY 11550_
_(516)385 - 1241_
Phone Number

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Deshonda R. Goode,
Complainant,

v.

Patrick R. Donahoe,
Postmaster General,
United States Postal Service
(New York Metro Area),
Agency.

Request No. 0520120251

Appeal No. 0120111182

Hearing No. 520-2010-00293X

Agency No. 4A-117-0080-09

## DENIAL

Complainant timely requested reconsideration of the decision in Deshonda R. Goode v. U.S. Postal Service, EEOC Appeal No. 0120111182 (December 20, 2011). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(b).

Our previous decision affirmed the Agency's final order that adopted an EEOC Administrative Judge's (AJ) decision that found, without a hearing being held, Complainant was not discriminated against on the bases of race and color or her prior EEO activity when she was issued a notice of removal on June 24, 2009. The AJ found that Complainant was removed from her position after being observed failing to wear her seat belt, making a u-turn, and failing to have her vehicle door closed when entering or crossing an intersection. The AJ noted that Complainant had four previous accidents within the past five years and six worker's compensation claims for work-related injuries. The AJ also noted that many employees outside of Complainant's protected bases were disciplined for similar acts. Finally, the AJ indicated that Complainant had a history of accidents and a lengthy disciplinary record including previous 14-day and 7-day suspensions.

In her request for reconsideration, Complainant reiterates her contentions that the Agency's actions were based on discrimination and retaliation and re-submits portions of the Report of Investigation. She also discusses the circumstances behind her previous accidents.

Complainant is reminded that a "request for reconsideration is not a second appeal to the Commission." Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Ch. 9 § VII.A. (Nov. 9, 1999). A reconsideration request is an opportunity to demonstrate that the previous decision involved a clearly erroneous interpretation of material fact or law; or (2) will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not put forth any arguments or contentions that were not properly addressed in the underlying decision; therefore, the Commission finds that Complainant has not demonstrated that the underlying decision involved a clearly erroneous interpretation of material fact or law. Neither has Complainant demonstrated that the underlying decision would have a substantial impact on the policies, practices, or operations of the Agency.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 0120111182 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney

3                                    0520120251

with the Court does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

MAY 1 1 2012
Date

4                                          0520120251

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.  I certify that this decision was mailed to the following recipients on the date below:

Deshonda R. Goode
66 Henry St  #20
Hempstead, NY  11550

Ed Oliver
POB 861
Bayport, NY  11705

U.S. Postal Service (N.Y. Metro)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

MAY 1 1 2012
_____
Date


_PM_
_____
Equal Opportunity Assistant

THOMAS R. SUOZZI
COUNTY EXECUTIVE



COMMISSIONERS

RODNEY L. BROWN
CHAIR

PHYLLIS E. RICE
VICE CHAIR

HABEEB U. AHMED
SURINDER SINGH CHAWLA
ANGELA DAVIS
SOH YOUNG LEE-SEGREDO
NADIA MARIN-MOLINA, ESQ.
MOHAMMED SALEH, M.S., R.PH.
CARRIE SOLAGES, ESQ
KALATHIL VARUGHESE
MICHAEL J. WADE
HAZEL WEISER, ESQ.

Daniel Russell
Acting Executive Director

## COUNTY OF NASSAU
## COMMISSION ON HUMAN RIGHTS
240 OLD COUNTRY ROAD
MINEOLA, NEW YORK 11501
(SUITE 606)
TEL: (516) 571-3662
FAX: (516) 571-1422

August 26, 2009

Ms. Dashonda Goode
66 Henry Street – Apt. No.20
Hempstead, New York 11550

RE:   **Deshonda Goode v. U.S. Postal Services**
      **File No. IC-0825-0088-ES-0**

Dear Ms. Goode:

The Nassau County Commission on Human Rights is mandated to accept complaints of discrimination on the basis of race, color, creed, sex, age, national origin, disability and sexual orientation.  On August 25, 2009, we received a copy of your informal complaint from the Office of the Supervisor of the Town of Hempstead in the area of employment alleging that the above-referenced respondent has subjected you to harassment and other unlawful discriminatory practices.  This will confirm our telephone conversation where you were informed that the Commission does not have jurisdiction over the U.S. Postal Services.   Therefore, we are closing our file on this matter and returning to you a copy of your complaint.

Please be advised that you may however file your complaint  of unlawful discrimination with the U.S. Postal Service Equal Employment Opportunity office, Vice President Labor Relations, Postal Service, 475 L'Enfant Plaza, SW, Washington, D.C. 20260-4100.  The central telephone number is (888) 336-8777.  You may also file your complaint with the Equal Employment Opportunity Commission (EEOC), 33 Whitehall Street, 5th Floor, New York, New York 10004-2112.  The telephone number is (800) 669-4000.  An attorney can advise you of your right to file an action in State or Federal Court.  The Nassau County Bar Association, telephone number 516-747-4070, can refer you to attorneys who specialize in discrimination law.  If we can be of further assistance, please contact us.

Very truly yours,

Daniel Russell
Acting Executive Director

DR/mr
Cc:  Kendall W. Lampkin, Executive Assistant
       Office of the Supervisor, Towm of Hempstead



KATE MURRAY
SUPERVISOR

KENDALL W. LAMPKIN
EXECUTIVE ASSISTANT

# OFFICE OF THE SUPERVISOR

TOWN OF HEMPSTEAD
1 WASHINGTON STREET, HEMPSTEAD, N.Y. 11550-4923
(516) 489-5000



I C–0825–0088–ES–09

November 20, 2007

RECEIVED

BY: _____

Thomas Rosati, District Manager
United State Post Office
Long Island District
Administrative Offices
1377 Motor Parkway, Suite 300
Islandia, New York 11749-5258

Dear Mr. Rosati:

Please be advised that our office has received a written complaint from Ms. Deshonda Goode alleging harassment by Post Master Kevin Rynne of the Hempstead Post Office.

Since this matter falls under your jurisdiction and control, I am forwarding this to you for your immediate attention and whatever action you deem necessary.

At Ms. Goode's request I am also forwarding a copy of this correspondence to the Nassau County Commission on Human Rights.

Thank you for your prompt assistance in this matter.

Yours truly,

Kendall W. Lampkin
Executive Assistant

KWL:tas
encl.
cc: Renaire Frierson, Executive Director

Kate Murray Town of Hempstead Supervisor                    11/19/07
Hempstead Town Hall
One Washington Street
Hempstead NY 11550



I C – 0825 – 0088 – ES – 09

Dear Kate Murray Town of Hempstead Supervisor,

My Name is Deshonda Goode and I live in Hempstead and for the past seven years I have
been working at the Hempstead Post Office. I will have obtained a B.S. Degree in
December of 2007, and also I am in recovery from Ovarian Cancer. I am writing you this
letter as a last resort for some immediate relief to my on going situation at work. My Post
Master Kevin Rynne has been harassing me for the past two years. I filed an EEO
Complaint in December of 2006 and we agreed to agree. I also filed a grievance with my
union and Mr. Rynne was found guilty of harassment. But for what ever reason it is
continuous and repeated harassment, I am called into his office on a daily basis for no
reason, when I come into work EVERY morning he is at my work station waiting for me,
at no time am I ever allowed to case my own mail. It is always cased for me, other carriers
have the right to their own route, and I don't. When I get to my route he is in his car
waiting for me to get there. He calls me a "Black Lazy Bitch" and he told a co-worker to
file a complaint to the Postal Inspectors that I threatened his life so I would lose my job.
And the allegations were unfounded because it was all a made up lie. My co-workers can
engage in conversation, if I am caught talking to a co-worker I am called into the office
and told not to talk and to face my case and throw mail. The last two weeks have become
unbearable; I have gone home sick on numerous occasions because it is continuous and
repeated harassment. On November 15th 2007 I went home sick because I felt like I was
about to have a emotional breakdown, I am a single parent struggling to keep my dignity,
and my job, and I don't want my daughter to see me emotionally out of control. It is the
holiday season and I would like to spend the holidays with a positive mind and goals for
the future.  I am asking you for your immediate response to this letter, by contacting
Thomas Rosati Executive-in-Charge/District Manager @ (631) 582-7410.  I would like to
Thank you for taking the time to read this letter, I am very positive that by writing to you
all the negative energy will end.

                                        Sincerely


                                        Deshonda Goode
                                        (646)423-8899

A City Letter Carrier for eight years, I've never been cited for my work duties. I've always delivered mail as a courteous and dutiful employee. That is until Kevin Rynne became my Postmaster.

On June 24th 2009, I was issued a Notice of Removal; it was inappropriate to give me a decision without a hearing on this record. There is a genuine issue of material facts are: **Retaliation:**

**Us Equal Employment Opportunity Commission-** All of the laws we enforce make it illegal to fire, demote, harass, or otherwise "retaliate against people (applicants or employees) because they filed a charge of Discrimination because they complained to their employer or other covered entity about discrimination on the job, or because they participated in an employment discrimination proceeding (such an investigation or lawsuit).

**Prior EEO Activity-**

Redress- Dated 12/12/2006-Harrassment-EEO Case#4A-117-0019-07 Dated 12/26/2006

Redress-Dated 11/20/2007-Repeated Harassment & Discrimination

Redress-Dated 05/16/2008-Fpr Repeated Harassment & Discrimination

Because I filed several EEO Complaints against him for Harassment & Discrimination. The one dated 11/20/2007 was to the point of me being taken to the hospital from work with chest pains because he was harassing me.

A grievance Dated-01/05/2007 #86123 was filed by me to my union Branch 6000 for Mr. Rynne's Harassment and Discrimination. Mr. Rynne was found guilty of Harassment and making false allegations. Mr. Rynne made false allegations to the Postal Inspectors that I threatened a co-workers life so that I would lose my job. The allegations were unfounded. Branch 6000 proved Mr. Rynne Guilty for making false allegations and harassment. After he was found guilty the harassment continued. Then a letter was sent to the Town Supervisor of Hempstead, regarding Mr. Rynne's continued and repeated harassment against me:

**EEOC-** The law forbids Retaliation when it comes to any aspect of employment, including hiring, firing, pay lob assignments, promotions, layoff, training, fringe benefits, and any other term or condition of **me**

**Failure to Operate a Motor Vehicle in a safe Manner, Failure to Follow Instructions-**

**Four Previous Accidents in Five Years-**

**Two Motor Vehicle Accidents-**

#1. I was sitting at a red light and a car slammed into the rear of the postal truck.

#2. A couple came out of nowhere and said I scraped there bumper, although I denied this happened the Post Master did not ask me anything regarding this accident, He just took the couples statement and put it down as a accident.

**Failure to Be In Regular Attendance- May 13th 2008- February 26th 2009**

**7 Day suspension**-Dated 01/16/2008     you do not give a 7 day suspension for calling in 9 months later

Four unscheduled absences over a 9 month period. Does not constitute irregularity in attendance: Other carriers have 4 or more absences in such time period and they received no discipline whatsoever.

**14 Day Suspension**- Dated May 13th 2008

**Failure to Follow Instructions-**

**Attendance-**

**This 14 day suspension is cited for two charges. This is also not in Postal Guidelines.**

It is also without just cause.

**14 Day Suspension-Charge #1**

January 29th, 2008 and December 8th 2008- Postal Guidelines are you do not get a 14 day suspension for calling in 11months later.

**Charge #2 Failures to Work in a Safe Manner-**

February 7th 2009- Driving and talking on your cell phone

February 7th 2009- Making a u-turn

Febuary14th 2009- Not wearing a seat belt

February 19th 2009- Talking on your cell phone, not wearing a seat belt, door open.

(Only one listed charge is correct)

**Notice of Removal**-Dated May 15th 2008

**Charge #1  Failure to Follow Instructions-**

Talking on cell phone for an extended period of time-

April  5th 2008---5 mins

April 14th 2008---6 mins

April 21st 2008---13 mins

April 22nd 2008---14 mins

**Two Industrial Accidents-**

**#1.** As I was picking up a very heavy box, I broke my left index finger and sprained my wrist.

**#2.** I was delivering mail in the rain and I slipped off the step and sprained my knee in two places.


**Failure to Work in a Safe Manner**

Charge#2 Dated- 02/07/2009 by Supervisor Thomas McGuiness

Driving While Talking on your Cell Phone, Not wearing a seat belt, making a u-turn, not signaling when approaching or leaving a curb.

(Only one of the four listed are correct)

Dated-02/19/2009 by Maurice Layne Acting 204B

Driving with door open, not wearing a seat belt, talking on cell phone.

(None of the three listed are true) I was always wearing the lap portion of my seat belt.

Mr. Rynne told Maurice Layne to make the false allegation and he would make him a 204B.

Dated-02/07/2009 by Allan Pablo 204B

Talking on your cell phone, not wearing a seat belt, curb wheels at all times

(Out all listed only one is correct) I was talking on my phone while sitting in the truck on break.


**Failure to Follow Instructions:**

**Letter of Warning Dated- November 29th 2007**

**Letter of Warning Dated- March 20th 2008**

**(A letter of warning is not given for calling in four Months Later)**

**7 Day Suspension- Dated April 20th 2008**

**14 Day Suspension- Dated May 13th 2008**

This does not warrant discipline, everyone including the Post Master talks on their cell phone, I am the only one that was written up for it.

**Walking away from your case and talking to carriers and clerks.**

There are no other employees that received a notice of removal. I'm the only one.

**Not Making Proper MSP scans**

No other employees that received a Notice of Removal

**Not loading mail in the rear cargo-**

Every carrier loads the first three hours in the front cab. I'm the only employee that received a Notice of Removal.

**Letter of Warning-Dated 03/20/2008 for Failure to Follow Instructions-**

**7Day Suspension Dated 04/20/2008 for Failure to Follow Instructions-**

**14 Day Suspension Dated 04/20/2008 for Failure to Follow Instructions-**

**Not Within the Postal Guidelines. Two Suspensions on the Same Day for the Same Infractions.**

I received a 14 day Suspension for using vacation days- also not in the Postal Guidelines.

You do not get any write ups for using vacation days they are approved days.

February 23rd 2008- annual leave

March 8th 2008-LWOP-

March 25th 2008- annual leave

April 21st 2008-annaul leave

April 25th 2008- sick

May 6th 2008- 4hrs sick

May 7th 2008-annual leave

**14 Day Suspension- Charge #1- Failure to Follow Instructions-**

On April 16th 2008 I was observed by Joe S and Maurice L driving with my door open & not wearing my seat belt, and making a u-turn.

This does not warrant discipline, everyone including the Post Master talks on their cell phone, I am the only one that was written up for it.

**Walking away from your case and talking to carriers and clerks.**

There are no other employees that received a notice of removal. I'm the only one.

**Not Making Proper MSP scans**

No other employees that received a Notice of Removal

**Not loading mail in the rear cargo-**

Every carrier loads the first three hours in the front cab. I'm the only employee that received a Notice of Removal.

**Letter of Warning-Dated 03/20/2008 for Failure to Follow Instructions-**

**7Day Suspension Dated 04/20/2008 for Failure to Follow Instructions-**

**14 Day Suspension Dated 04/20/2008 for Failure to Follow Instructions-**

**Not Within the Postal Guidelines. Two Suspensions on the Same Day for the Same Infractions.**

I received a 14 day Suspension for using vacation days- also not in the Postal Guidelines.

You do not get any write ups for using vacation days they are approved days.

February 23rd 2008- annual leave

March 8th 2008-LWOP-

March 25th 2008- annual leave

April 21st 2008-annaul leave

April 25th 2008- sick

May 6th 2008- 4hrs sick

May 7th 2008-annual leave

**14 Day Suspension- Charge #1- Failure to Follow Instructions-**

On April 16th 2008 I was observed by Joe S and Maurice L driving with my door open & not wearing my seat belt, and making a u-turn.

I denied the charges, it did not happen but I received a 14 day suspension. This suspension is without just cause. The union contends the grievant has been treated disparately. The suspension is management attempt to punish the grievant due their dislike for her. They are attempting to discipline her for doing things that numerous other carriers do (without disciplining them) or by citing unproven charges.

**7 Day Suspension-Charge Failure to Follow Instructions**

**Talking on your cell Phone for extended period of time-**

03/24/2008-9 mins.

03/27/2008- 19 mins.

03/29/2008-3 mins.

I was in the office casing my mail, and I was on break. But I received a 7 day suspension for doing what every employee does. And I was on break.

**7 day Suspension- For Failure to Be In Regular Attendance-**

12/03/2007-sick

12/17/2007-sick

12/18/2007- sick

01/03/2008-sick

01/03/2008-LWOP

01/14/2008-sick

I received a 7 day suspension for having the flu. A doctor's note was given, but I received this suspension. For no other reason.


An Anonymous letter because the Post Master Rynne believes in retaliation, from an anonymous Letter Carrier who's mail case was next to my Mail case. She watched him call me into his office on a daily basis. Have a supervisor or he would sit behind me and watch every move I made.

In the EEOC Investigation Mr.Rynne refused to answer the question. What is your race?

If possible my next step would be Civil Action. I would like to request a Civil Action.

Thank You, Sincerely

Deshonda Goode

# Ad Hoc Search Results

## Number of Results: 5

**Criteria**

Complaint Deleted    is equal to    No
Complainant: Last Name    is like    GOODE
Complainant: First Name    is like    DESHONDA
Complainant: EIN    is equal to    01795679
Office: HeadQuarters (child offices included)

_Retaliation_

| Complaint ID | Complaint Type | Complainant First Name | Complainant Last Name | Initial Contact Date | Formal/Mixed/Class Filed Date | Closed Date | Age of Case | Status |
|---|---|---|---|---|---|---|---|---|
| 4A-117-0055-03 | Informal | Deshonda | Goode | 02/04/2003 | | 07/01/2003 | 147 | Closed |
| 4A-117-0018-05 | Informal | DeShonda | Goode | 12/01/2004 | | 02/15/2005 | 76 | Closed |
| 4A-117-0065-05 | Informal | Deshonda | Goode | 06/21/2005 | | 07/21/2005 | 30 | Closed |
| 4A-117-0019-07 | Informal | DESHONDA | GOODE | 11/07/2006 | | 12/21/2006 | 44 | Closed |
| 4A-117-0080-09 | Formal | DESHONDA | GOODE | 08/17/2009 | 11/24/2009 | | 99 | Normal |

Deleted Cases

Copyright 2008 blt.org

Please submit
feedback and
questions to
System
Administrator

Powered by icom
plants™

Exhibit ___
Page _1_ of _7_

Case No. 29-CA-29824

County of Kings           )
State of New York         )

## AFFIDAVIT

I, Deshonda Goode, have been given assurances by an agent of the National Labor Relations Board that this Confidential Witness Affidavit will be considered a confidential law enforcement record by the Board and will not be disclosed unless it becomes necessary to produce the Confidential Witness Affidavit in connection with a formal proceeding.

-----------------------------------

My address is 115-51 209th Street, Cambria Heights, NY 11411.  My phone number is 646-423-8899.

1.     I was employed by the United States Postal Service from March 24, 2001, as a letter carrier, until June 9, 2009.  I was a letter carrier the entire time. I was based out of Hempstead, Post Office, 200 Fulton Avenue, Hempstead, New York, 11551.  I worked from 8 a.m. to 4:30 p.m, Monday, Tuesday, Wednesday, Thursday, and Saturday.

2.     The postmaster is Kevin Rynne, who has had that position since 2006. The manager was Tom McGuinness.  There is another manager there for the clerks, Vito Tambasco.

3.     The letter carriers are represented by NALC, Branch 6000.  The regular Shop Steward, Joe Cannella, was out on disability at the time I was terminated.  The Shop Steward at the time of my termination was Sam Kong, who was working part-time.  Nick D'Avanzo, was the Vice-President of the Local.  I never held any Union office during the time I was employed.

4.     I did not have any disciplinary problems until 2006, after Rynne became Postmaster, probably around September.  The previous Postmaster retired, his name was John Evelyn.  In October of that year, I was issued a 7-day suspension, although the title of the paper says 14 days.  Supposedly I left some first-class mail so that it wouldn't be delivered, but as I told McGuinness, the mail was put there (in my bin) after I had left for the

Affidavit _A_
Page _26_ of _34_

00126

route. Although this was listed as a suspension, I continued working and was never actually suspended until the time of my termination. The Union grieved all of my suspensions but as far as I know they all remained on file.

5. In November 2006, Rynne told me that a coworker, Maurice Layne, said that I had threatened his life. Rynne told me this on the work floor. I had earlier told Rynne that I did not get along with Layne, and before that had had no problem with Rynne. After that, Layne made his allegation and the USPS postal inspectors came in and investigated the charges. They were unfounded because I never did it. A letter issued saying that there was no merit to the charge; I don't have a copy of that letter. I then filed an EEO complaint against Rynne, and it was settled on December 21, 2006, as a result of mediation. I also filed a grievance with the Union, which was settled at Step A on January 5, 2007. D'Avanzo was involved in that grievance on my behalf. Since then, Rynne has been after me.

6. Layne was my coworker at the time he made the allegation, and after this incident, was promoted to supervisor of the letter carriers at that facility. I had to interact with him every day after this incident. He is still working that facility.

7. After that, Rynne started following me, coming on my route every single day. He would follow me in his car, and started forming a paper trail. He would write me up for things such as: curbed wheels not in the proper direction; not wearing a seatbelt at all times; not smoking in the vehicle. Some of the observers were not only Rynne, but others such as Allan Pablo, who was an acting supervisor; Maurice Layne; and others. These people filled out a report called "Observation of Driving Practices." There were approximately 20 of them filled out; Rynne has all of them. I was being followed everyday. This is not something that has happened to other carriers. No one else got followed everyday like I did. Rynne does observations maybe once every six months, but if you are a white carrier, he doesn't follow you at all.

Affidavit _A_
Page _27_ of _34_

2

00127

8.   I was issued a Notice of Removal on June 24, 2009, for failing to operate a
motor vehicle in a safe manner. I talked to the Union about it. D'Avanzo
said that there was a 50-50 chance that I would not lose my job; it was
likely that the Notice of Removal would remain in my file for two years.
Prior to receiving my Notice of Removal, I had not been asked to an
investigatory meeting or anything. I was just told by D'Avanzo that I was
fired. I was first suspended with pay, and then fired. I did not attend any
grievance meetings, although the Union filed a grievance on my behalf. A
Step B Decision, issued around August 3, 2009, upholding the Notice of
Removal issued on June 24, 2009. Since that Decision has issued, I have
spoken to D'Avanzo, and he said that there was nothing else he could do.
I asked him about arbitration, he said that whoever told you that was lying.

9.   During the time I was working, none of my supervisors said anything
about my filing grievances with the Union, but suspensions are
automatically sent to the Union for grievance. A suspension first goes to
the Shop Steward, who during this last year has been Kong, who has been
employed less than a year and doesn't know anything. Consequently,
McGuiness and Rynne would meet with me and Kong, but Kong wouldn't
say anything to defend me. Then the grievance would get sent to
D'Avanzo and he would usually not tell me what had happened.

10.  Mike Kassiotis, another carrier, does what he wants to do. For example,
he got caught running a red light by Rynne, but Rynne didn't do anything
to him. He has never been disciplined. Danny Murray also got caught
running a red light by Rynne, and took him off the street and made him go
to a class, and then was returned to his route. I don't know if he got
disciplined. Gino, another carrier, got into an accident with his vehicle,
and nothing happened. Phil Smith got into an accident, and Rynne
paraded Smith on the floor, letting everyone know that he was taken off
the route and had to go to a retraining class. Smith is back to driving. I
had an accident sometime in 2008, I was rear-ended.

11.  One time, one person said that my bumper had scraped his bumper, this
was probably around the beginning of 2009. I didn't feel anything and

3

Affidavit ___A___
Page __28__ of __34__

didn't think I had hit anyone.  Rynne made me go to a training class and then returned me to the street.

12.    Rynne harasses Danny Murray, Alfonso Johnson, and a few other people. He does the same thing he does to me, he follows them and makes snide comments to them.  Both Murray and Johnson have filed grievances against Rynne.  I don't know the details of the grievances.

I am being provided a copy of this Confidential Witness Affidavit for my review. If, after reviewing this affidavit again I remember anything else that is relevant, or desire to make any changes, I will immediately notify the Board agent. I understand that this affidavit is a confidential law enforcement record and should not be shown to any person other than my attorney or other person representing me in this proceeding.

I have read this statement consisting of __4__ pages, including this page.  I fully understand its contents and I certify it is true and correct to the best of my knowledge and belief.

Deshonda Goode

Subscribed and Sworn to before me at Brooklyn, New York, this 25th day of September, 2009.

Ashok Bokde, Board Agent
National Labor Relations Board

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq.  The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation.  The routine used for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006).  The NLRB will further explain these uses upon request.  Disclosure of this information to the NLRB is voluntary.  However, failure to supply the information may cause the NLRB to refuse to process any further an unfair labor practice or representation case, or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

Affidavit __A__
Page __29__ of __34__

SUPERVISOR CUSTOMER SERVICE
HEMPSTEAD N.Y. 11550-9998

 **UNITED STATES**
**POSTAL SERVICE**

February 26, 2009

Deshonda Goode
EIN 01795979
Letter Carrier
Hempstead, N.Y. 11550-9998

### Subject:  Fourteen (14)) Day Suspension

In accordance with Article 16 of the National Agreement, it is necessary to issue this official Fourteen-Day suspension for the following work deficiencies:

### Charge 1:  Failure to be Regular in Attendance

*The Employee and Labor Relations Manual (ELM) Section 665.41 states that employees are required to be regular in attendance*

*ELM Part 511.43 further requires employees to maintain their assigned schedule and make every effort to avoid unscheduled absences.*

A review of your attendance record indicates that since May 13, 2008 you have failed to meet this requirement.  Specifically, you have been absent from duty as listed below.

| DATE | LEAVE |
|------|-------|
| December 8, 2008 | 8.00 Hours Sick Leave |
| January 29, 2008 | 8.00 Hours Emergency Annual Leave |
| February 4, 2009 | 16.00 Hours Sick Leave |
| February 23, 2009 | 16.00 Hours Sick Leave |

*(handwritten annotations):* Im a Period / Falses fied DOCUMENTS / you do not get A charge for 11 months APART / Dec 2008 - months / JAN 2008 — 11 months

P.O. Box 9998
HEMPSTEAD NY 11550-9998
516-560-1120
FAX: 516-564-5341

Counselor's Report
Page 15 of 63

00048